IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROMAN,<br>Plaintiff | : : : : | |
| v. | : : | CIVIL ACTION<br>NO.   02-4763 |
| CITY OF READING, ET AL.,<br>Defendants | : : : | |

**O R D E R**

      **AND NOW**, this 3rd day of April, 2003, upon consideration of Plaintiff's Motion to Vacate December 13, 2002 Order and to Reinstate Complaint [Doc. # 12], it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED.**[1]  It is further **ORDERED**:

      1.  The Court's December 13, 2002 Order [Doc. # 7] dismissing the Complaint is hereby

---

[1] Defendants filed a motion to dismiss Plaintiff's Complaint on September 18, 2002.  See Doc. # 4.  This Court extended the time permitted for Plaintiff's response thereto until December 6, 2002.  See Doc. # 6.  When Plaintiff failed to file a response within the time permitted, the Court granted Defendants' motion to dismiss as uncontested, and dismissed the Complaint without prejudice.  See Doc. # 7.  In that Order, the Court granted leave for Plaintiff to file an Amended Complaint within twenty days, which Plaintiff failed to do.  More than a month later, Plaintiff filed an opposition to Defendants' motion to dismiss.  See Docs. # 8, 9.  Defendants moved to strike Plaintiff's opposition and addendum, see Doc. # 10, and on February 13, 2003 the Court granted the motion because Plaintiff's opposition was moot.  See Doc. # 11.  In the instant motion Plaintiff explains his tardy filings by claiming that he did not receive the Court's prior orders, and thus failed to meet the deadlines set forth therein.

      In most circumstances, the Court would require Plaintiff to file an amended complaint, and allow the litigation to proceed accordingly.  However, the Court is of the opinion that this *pro se* plaintiff has presented an adequate basis upon which to vacate this Court's prior Orders.  See Fed. R. Civ. P. 60(b)(1) (permitting court to relieve a party from an order on basis of "mistake, inadvertence, surprise, or excusable neglect.").  Additionally, the Court is of the opinion that permitting the litigation to proceed in this manner is consistent with the efficient administration of justice.  See Fed. R. Civ. P. 1 (Rules should be "administered to secure the just, speedy, and inexpensive determination of every action").  Accordingly, the Court will not require the parties to expend additional resources to file an amended complaint, a motion to dismiss, and responses thereto.  Rather, the Court will renew Defendants' motion to dismiss and Plaintiff's oppositions thereto, and take the matter under consideration.

**VACATED**, and the Complaint [Doc. # 1] is hereby **REINSTATED**;

2. The Court's February 13, 2003 Order [Doc. #11] striking Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss and Addendum thereto is hereby **VACATED**. Plaintiff's Memorandum [Doc. # 8] and Addendum [Doc. # 9] are hereby **REINSTATED**;

3. With consent of Plaintiff,[2] Defendants' Motion to Dismiss [Doc. # 4] is hereby **REINSTATED**;

4. The Clerk of Court is hereby directed to reopen this case for administrative purposes.

It is so **ORDERED**.

**BY THE COURT:**

_____
**CYNTHIA M. RUFE, J.**

---

[2] See Doc. # 12, at ¶ 10-12 (urging Court to reinstate Complaint, Defendants' Motion to Dismiss, and Plaintiff's responses thereto).