IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ROMAN,<br>Plaintiff | :<br>:<br>: |
| v. | :     CIVIL ACTION<br>:     NO.    02-4763 |
| CITY OF READING,<br>    and<br>READING POLICE DEPARTMENT,<br>Defendants | :<br>:<br>:<br>:<br>: |

**MEMORANDUM OPINION**

**RUFE, J.**                                                                                                                        **April 21, 2003**

This § 1983 action comes before the Court on Defendant's Motion to Dismiss for failure to a state a claim upon which relief may be granted. For the reasons set out below, Defendant's Motion is denied in part and granted in part.

**I.       BACKGROUND**

Plaintiff in this action is Jason Roman, a *pro se* litigant. Defendants are the City of Reading and the Reading Police Department. Plaintiff advances his claims against these Defendants based on 42 U.S.C. § 1983. Jurisdiction is proper under 28 U.S.C. §§ 1331, 1343.[1]

---

[1] Plaintiff initiated suit in this Court on July 18, 2002. Thereafter Defendants filed a Motion to Dismiss Plaintiff's Complaint on September 18, 2002. This Court extended the time permitted for Plaintiff's response thereto until December 6, 2002. When Plaintiff failed to file a response within the time permitted, the Court granted Defendants' Motion to Dismiss as uncontested, and dismissed the Complaint without prejudice. In that Order, the Court granted leave for Plaintiff to file an Amended Complaint within twenty days, which Plaintiff failed to do. More than a month later, Plaintiff filed an opposition to Defendants' Motion to Dismiss, followed soon after by an addendum thereto. Defendants moved to strike Plaintiff's opposition and addendum, and on February 13, 2003 the Court granted the motion because Plaintiff's opposition was moot. On April 3, 2003, the Court granted Plaintiff's unopposed Motion to Vacate the Court's prior Orders, and reinstated the Complaint, Defendant's Motion to Dismiss, and Plaintiff's filings in opposition. As explained in that Order, the Court proceeded in this

Plaintiff's allegations may be summarized as follows.[2]  On June 14, 2002 at approximately 1:30 a.m., Plaintiff was driving on Franklin Street between 8th and 9th Streets in Reading, Pennsylvania when "a hail of bullets" struck his car.  Complaint ¶¶ 6, 11.  Plaintiff sped away and turned onto Penn Street, where he observed several police cars and police dogs.  Apparently, the police were engaged in a burglary investigation.  When Plaintiff, who is black, approached a white police officer, the officer instructed him to "wait outside," and that someone would be with him shortly.  Id. ¶¶ 12, 37(a).  Plaintiff waited in his car, which was parked less than fifty feet away, for approximately 15 minutes, but no police officer came to speak with him.  Id. ¶¶ 37(b),(e).  Plaintiff then twice telephoned 911 in a span of ten minutes and requested police assistance, but no police came.  Id. ¶¶13, 37(c).  Plaintiff next contacted a friend and asked her to contact 911, but no emergency response materialized.  Id. ¶¶ 14, 37(d).

---

fashion because Plaintiff presented an adequate basis upon which to vacate this Court's prior Orders, to wit, that he never received the Court's prior Orders setting deadlines for filing his opposition or amended complaint.  See Fed. R. Civ. P. 60(b)(1) (permitting court to relieve a party from an order on basis of "mistake, inadvertence, surprise, or excusable neglect.").  Additionally, the Court expressed its view that permitting the litigation to proceed in this manner was consistent with the efficient administration of justice.  See Fed. R. Civ. P. 1 (Rules should be "administered to secure the just, speedy, and inexpensive determination of every action").  The Court took Defendant's Motion under advisement, and today issues its decision.

[2] In ruling on the instant motion, the Court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom, and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief."  Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996).  Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  However, a court need not credit a complaint's "bald assertions" or "legal conclusions" when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997) (citations omitted).

Some time thereafter,[3] a police officer returned from the burglary investigation and listened as Plaintiff explained the shooting incident.  The officer said that Plaintiff was "lucky that he had not been killed," and that "there are a lot of shooting[s] in that part of town."  Another officer said, "the attackers were probably using the Plaintiff's car for target practice."  Id. ¶ 15.  The officers looked briefly at Plaintiff's car, but took no evidence from it.  Id. ¶ 16.  The encounter concluded with the officers giving Plaintiff their card with an incident number.

Based on these facts, Plaintiff alleges that the City of Reading and the Reading Police Department deprived him of his rights under the Fourteenth Amendment to the United States Constitution.  Id. ¶ 4.  Although not explicitly stated as such, the Court interprets Plaintiff's Complaint as pursuing claims arising under the Due Process Clause and the Equal Protection Clause, as well as his constitutional right to travel.[4]  Each of these claims are pursued through 42 U.S.C. § 1983.[5]

Because he proceeds *pro se*, the Court will consider Plaintiff's Complaint under a more liberal standard than one drafted by an attorney.  See Panayotides v. Rabenold, 35 F. Supp. 2d

---

[3] It is not clear from the Complaint how much time elapsed before the police officer came to speak with Plaintiff, but by the Court's reading of the Complaint it was approximately 30 to 45 minutes after his initial contact with police.  See Complaint ¶ 12.

[4] In his opposition to Defendant's Motion, Plaintiff goes on at length about Defendants' liability under the Pennsylvania Tort Claims Act, 42 Pa. Cons. Stat. Ann. § 8541, *et seq*.  Yet, the Complaint is devoid of any mention of either state statutory or common law claims.

[5] The statute provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

411, 419 (E.D. Pa. 1999). Nevertheless, this leniency does not excuse a *pro se* plaintiff from conforming to the rules of civil procedure or from pleading the essential elements of his claim. See Floyd v. Brown & Williamson Tobacco Corp., 159 F. Supp. 2d 823, 832 (E.D. Pa. 2001); Smith v. SSA, 54 F. Supp. 2d 451, 454 (E.D. Pa. 1999).

## II. DISCUSSION

### A. Due Process

Plaintiff's Due Process claims center on Defendants' failure to meet what Plaintiff believes to be their constitutional obligations. These include the failure to warn the public, whether by signs or other notices, of the existence of certain high crime areas, see Complaint ¶¶ 23-24, 26, 29; failure to "discourage criminal activity" in these areas by failing to "remove trees" and to "install brighter street lights," id. ¶ 25, 36; failure to prevent people from "wander[ing] into dangerous parts of town," id. ¶ 27; failure to "protect the personal safety of innocent citizens" and visitors to the City, id. ¶¶ 28, 31; and failure to conduct an adequate investigation into the alleged shooting of Plaintiff's car, id. ¶¶ 30, 32. These claims have no merit and will be dismissed.

It is well established that the threshold issue presented by any § 1983 case is whether a plaintiff has sufficiently alleged a deprivation of a right secured by the Constitution. Brown v. Pa. Dep't of Health Emergency Med. Servs. Training Instit., 318 F.3d 473, 476 (3d Cir. 2003). Here, Plaintiff proceeds upon a theory that he has a right to provision of the services listed above, and that Defendants' failure to provide such services resulted in violence to his property (and very nearly to him) by virtue of third party criminal conduct. Plaintiff's theory is misguided and has no basis in law.

The Supreme Court has expressly held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 197 (1989).[6]  Because Defendants have no constitutional obligation to provide the services Plaintiff demands, and Plaintiff has no right to such services, his Complaint fails to state a constitutional claim upon which relief may be granted, and the Complaint will be dismissed insofar as it proceeds on a Due Process theory.  See Brown, 318 F.3d at 477 ("The [Due Process] Clause was intended to 'protect the people from the State, not to ensure that the State protected them from each other.'"); Hilton v. City of Wheeling, 209 F.3d 1005, 1006-1007 (7th Cir. 2000) (the U.S. Constitution "creates areas in which the government has to let people alone; it does not entitle them to demand services, such as police protection"), cert. denied, 531 U.S. 1080 (2001); Ricketts v. City of Columbia, 36 F.3d 775, 779 (8th Cir. 1994) ("A municipality is not constitutionally required 'to protect an individual against private violence'"), cert. denied, 514 U.S. 1103 (1995); Horton v. Flenory, 889 F.2d 454, 457 (3d Cir. 1989) ("DeShaney certainly stands for the harsh proposition that even though state officials know that a person is in imminent danger of harm from a third party, the fourteenth amendment imposes upon those state officials no obligation to prevent that harm."); Jones v. City of Philadelphia, 185 F. Supp. 2d 413 (E.D. Pa. 2001) (dismissing for failure to state a claim plaintiff's substantive due process cause of action alleging police officers observed assault on plaintiff but did nothing to aid her); Palma

---

[6] Cases construing DeShaney recognize two exceptions to this general rule, the "special relationship" exception, and the "state-created danger" exception.  See Brown, 318 F.3d at 478. The Complaint contains no factual allegations that the requisite "special relationship" existed, or that Defendants, "through some affirmative conduct," placed Plaintiff in a position of danger. Id.

v. Borough of Lansdale, Civ.A.No.89-4647, 1991 WL 91557, at *7 (E.D. Pa. May 28, 1991) ("Thus to the extent that plaintiff's complaint is based on the failure of Borough officials, and especially Borough police officers, to protect [plaintiff], MAP Towing, and its employees from irate automobile owners, the complaint does not state a valid due process violation.").

### B.   Equal Protection

Plaintiff's Complaint alleges facts that fairly make out a claim for violation of his rights under the Equal Protection Clause. See Complaint ¶¶ 37-38, 41. Plaintiff alleges that the police have a "policy of racial inequality that is indifferent to the Plaintiff's civil rights and liberties," and that pursuant to this policy his race was a "deciding factor" in the police officers' failure to respond to and investigate the shooting of his car. Id. ¶ 37. He "maintains that from the very beginning, when the Reading Police Department saw him to be a black man or a man of color, the crime committed against [him] was handled differently. . . .The officers assumed that the Plaintiff was either a drug dealer or a pimp, and that there was no need for a formal investigation because it would confirm the racist concept of blacks killing blacks." Id. ¶ 38. He further alleges that "[i]f the Plaintiff was a white man or woman," the police response and investigation would have proceeded more aggressively. Id. ¶ 41.

Defendant's Motion fails to address these allegations, and so the Court will deny Defendant's Motion as it relates to Plaintiff's Equal Protection claim.[7] Even in the absence of a

---

[7] Although Plaintiff proceeds *pro se*, his Complaint is not so inartfully drafted as to disguise his claims and make them indiscernible upon a careful reading. Defendants adequately responded to Plaintiff's Due Process claim, but proceeded no further. The Court will not speculate as to why Defendants, who are represented by counsel, failed to address all of Plaintiff's claims. However, counsel should be aware that the Court will not take up the yoke where defense counsel leaves off. Cf. Power Co. of Am. v. FERC, 245 F.3d 839, 845 (D.C. Cir. 2001) ("It is not the court's role to fill in the blanks in counsel's argument.").

motion directed to dismiss this claim, Plaintiff's allegations might make out a claim. The Equal Protection Clause provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Supreme Court in DeShaney stated that a "State may not, of course, selectively deny its protective services to certain disfavored minorities without violating the Equal Protection Clause." 489 U.S. at 200 n.5 (citing Yick Wo v. Hopkins, 118 U.S. 356 (1896)). This appears to be exactly the gravamen of Plaintiff's allegations: that Defendants, pursuant to a "policy" of racial discrimination, denied him protective services based on his race, and treated him differently than they would have a person of a different race.[8]

### C. Constitutional Right to Travel

Defendants' Motion does not address Plaintiff's claim arising from the right to travel, see Complaint ¶ 31, and therefore the Court will deny Defendants' Motion on that ground alone. However, it bears mentioning that while the right to interstate travel is well established, see, e.g., Saenz v. Roe, 526 U.S. 489 (1999), the same is not true of the right to intrastate travel, which is at issue here. See Hutchins v. District of Columbia, 188 F.3d 531, 537-38 (D.C. Cir. 1999) (noting split in the circuits on issue of right to intrastate travel). Without expressing any opinion as to Plaintiff's constitutional claim, the Court notes that the Third Circuit has recognized a constitutional right to intrastate travel. See Lutz v. City of York, 899 F.2d 255 (1990) (holding

---

[8] Of course, Plaintiff would bear a much greater burden in opposing a motion for summary judgment, where he would be required to proffer sufficient evidence that would allow a reasonable jury to infer that it is the policy or custom of the police to provide less protection to black men than to non-black men, that race was a motivating factor, and that Plaintiff was injured by the policy or custom. See, e.g., Hynson v. City of Chester, 864 F.2d 1026, 1031 (3d Cir. 1988) (discussing claim based on alleged police policy of differential treatment toward domestic abuse cases due to gender of victims).

right to travel emanates from concept of substantive due process).

      The merits of Plaintiff's surviving claims are left for another day. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JASON ROMAN,**<br>Plaintiff | :<br>:<br>: |
| v. | :    **CIVIL ACTION**<br>:    **NO.   02-4763** |
| **CITY OF READING,**<br>   and<br>**READING POLICE DEPARTMENT,**<br>Defendants | :<br>:<br>:<br>:<br>: |

## ORDER

    **AND NOW**, this 21st day of April, 2003, upon consideration of Defendants' Motion to Dismiss [Doc. # 4], Plaintiff's Memorandum of Law in Opposition thereto [Doc. # 8], Plaintiff's Addendum to Memorandum of Law [Doc. # 9], and for the reasons set forth in the attached Memorandum, it is hereby **ORDERED** that Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.  It is further **ORDERED**:

    1.  Plaintiff's claims arising out of the Due Process Clause of the U.S. Constitution are hereby **DISMISSED**;

    2.  In all other respects Defendants' Motion is **DENIED**;

    3.  Defendants shall file an Answer to the Complaint, responding to Plaintiff's remaining Equal Protection and Right to Travel claims, within twenty (20) days of the date of this Order;

    4.  Upon filing of Defendants' Answer, the parties are hereby granted leave to conduct discovery.  All fact discovery shall be completed on or before August 15, 2003;

    5.  All motions for summary judgment and partial summary judgment shall be filed on or before September 15, 2003.  Responses to any motions for summary judgment shall be filed

within the time permitted under Local Rule of Civil Procedure 7.1(c).

It is so **ORDERED**.

**BY THE COURT:**

_____
**CYNTHIA M. RUFE, J.**