IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ROMAN, | : |
|               Plaintiff, | : CIVIL ACTION |
| v. | : NO. 02-CV-4763 |
| | : |
| CITY OF READING and | : |
| READING POLICE DEPARTMENT, | : |
| | : JURY TRIAL DEMANDED |
|               Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2004, IT IS HEREBY ORDERED THAT:

1. Plaintiffs must comply with Rule 26(a)(1) of the Federal Rules of Civil Procedure by providing his Initial Disclosures including, <u>inter alia</u>, the names and addresses of witnesses (if any) and exhibits (if any).

2. Plaintiff must provide full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff.

3. Plaintiff must provide full and complete answers to Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein.

4. Plaintiffs must provide a signed HIPAA Authorization addressed to: (a) the Lehigh County Office of Mental Health and (b) Lehigh Valley Hospital and Health Network – Mental Health Clinic.

995671v1

5. If Plaintiff fails to comply with items 1, 2, 3, and 4 above by within ten (10) days of the date of this Order, this matter will be dismissed with prejudice.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ROMAN, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO. 02-CV-4763 |
| | : |
| | : |
| CITY OF READING and | : |
| READING POLICE DEPARTMENT, | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## MOTION TO COMPEL

Defendants City of Reading and Reading Police Department ("Defendants"), by and through their attorneys, Montgomery, McCracken, Walker & Rhoads, LLP, hereby move this Court, pursuant to Rules 26 33, 34 and 37 of the Federal Rules of Civil Procedure, to compel Plaintiff to provide: (1) his Initial Disclosures; (2) full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff and Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein; and (3) signed HIPAA releases for the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic.[1]

1. Plaintiff commenced this § 1983 federal civil rights action by filing a Complaint on or about July 18, 2002.

2. Defendants filed an Answer and Affirmative Defenses to Plaintiff's Complaint on May 12, 2003.

---

[1] Because of the delay caused by Plaintiff's refusal to cooperate in discovery in this matter, Defendants are filing a Motion for Enlargement of Time concurrently with this Motion to Compel.

995671v1

I. **PLAINTIFF'S INITIAL DISCLOSURES ARE OVERDUE**

3. On October 10, 2003, Defendants served their initial disclosures. See correspondence from Danielle White, Esquire to Jason Roman dated October 10, 2003, a copy of which is attached hereto as Exhibit A.

4. Plaintiff was to have provided his initial disclosures required by Fed. R. Civ. P. 26(a)(1).

5. By letter dated November 17, 2003, counsel for Defendants requested that Plaintiff provide his initial disclosures. See correspondence from Janelle E. Fulton to W. Thomas Anthony[2] dated November 17, 2003, a copy of which is attached hereto as Exhibit B.

6. By letter dated December 30, 2003, counsel for Defendants again requested that Plaintiff provide his initial disclosures. See correspondence from Janelle E. Fulton to W. Thomas Anthony dated December 30, 2003, a copy of which is attached hereto as Exhibit C.

7. Plaintiff has not responded to this correspondence.

8. As of this date, Plaintiff has failed to serve his initial disclosures.

9. Without such basic information such as witnesses, exhibits, and medical records, Defendants are unable to prepare a defense to Plaintiff's allegations.

II. **PLAINTIFF'S ANSWERS TO WRITTEN DISCOVERY ARE OVERDUE**

10. On October 10, 2003, Defendants served their First Set of Interrogatories Directed to Plaintiff and their First Request for Production of Documents and Things Directed to Plaintiff. See Exhibit A.

11. Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's

---

[2] Although Mr. Anthony has apparently not yet entered his appearance in this matter, he has represented to counsel for Defendants that he represents Mr. Roman in this matter and he defended Mr. Roman at his deposition on December 3, 2003.

995671v1                                   2

answers to Defendants' First Set of Interrogatories and First Request for Production were due on or before November 10, 2003.

12. By letter dated November 11, 2003, counsel for Defendants requested that Plaintiff provide his answers to Defendants' First Set of Interrogatories and Request for Production of Documents. See correspondence from Janelle E. Fulton to W. Thomas Anthony dated November 11, 2003, a copy of which is attached hereto as Exhibit D.

13. By letter dated November 17, 2003, counsel for Defendants again requested that Plaintiff provide his answers to Defendants' First Set of Interrogatories and Request for Production of Documents. See Exhibit B.

14. On December 3, 2003, following Plaintiff's deposition, counsel for Defendants once again requested Plaintiff's answers to Defendants' written discovery.[3]

15. By letter dated December 30, 2003, counsel for Defendants again requested that Plaintiff provide his answers to Defendants' First Set of Interrogatories and Request for Production of Documents. See Exhibit C.

16. Despite Defendants' repeated requests, as of this date, Plaintiff has failed to respond to Defendants' discovery requests.

---

[3] At that time, both Plaintiff and his lawyer denied receiving Defendants' Interrogatories and Request for Production of Documents. However, Mr. Roman undeniably did receive the notice of deposition that was enclosed along with the interrogatories and document requests in the October 10, 2003 correspondence. See correspondence from W. Thomas Anthony to David J. MacMain dated November 4, 2003, a copy of which is attached hereto as Exhibit E. In addition, counsel for Defendants forwarded copies of the written discovery to Mr. Anthony under cover of letter dated November 11, 2003. See Exhibit D. Nevertheless, counsel for Defendants handed Plaintiff's counsel another copy of the written discovery on December 3, 2003.

995671v1                                3

17. Without Plaintiff's full and complete answers to Defendants' Interrogatories and Request for Production of Documents, Defendants are unable to prepare a defense to Plaintiff's allegations.

### III. PLAINTIFF HAS FAILED TO PROVIDE NECESSARY HIPAA RELEASES

18. At his deposition on December 3, 2003, Plaintiff testified that he has suffered a psychological injury as a result of his encounter with the Reading Police Department.[4]

19. At his deposition on December 3, 2003, Plaintiff for the first time identified his medical providers.

19. At that time, Plaintiff signed blank HIPAA Compliant Authorizations generated by counsel for Defendants.

20. However, counsel for Defendant subsequently learned that two of Plaintiff's medical providers, the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic, would not accept these HIPAA Compliant Authorizations and required that Plaintiff sign their own releases.

21. By letter dated December 9, 2003, counsel for Defendants provided the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic medical releases to Plaintiff and requested that Plaintiff sign and return the releases as soon as possible. See correspondence from Eileen Binderman to W. Thomas Anthony dated December 9, 2003, a copy of which is attached hereto as Exhibit F.

22. By letter dated December 30, 2003, counsel for Defendants again requested that Plaintiff provide signed authorizations for the release of Plaintiff's medical records from Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health

---

[4] Plaintiff elected to read and sign his deposition transcript. Accordingly, the relevant portions of the transcript are not yet available for attachment to this motion.

Network - Mental Health Clinic. See Exhibit C.

23. Despite Defendants' repeated requests, as of this date, Plaintiff has failed to provide these signed authorizations.

24. Without these authorizations, Defendants cannot obtain Plaintiff's records from Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic, and Defendants are unable to prepare a defense to Plaintiff's allegations.

WHEREFORE, Defendants respectfully request that this Court compel Plaintiff to provide: (1) his Initial Disclosures; (2) full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff and Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein; and (3) signed HIPAA releases for the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic.

If Plaintiff fails to provide such necessary information within ten (10) days of the date of this Court's Order compelling Plaintiff's answers to Defendants' written discovery, Defendants respectfully request that Plaintiff's claims be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2).

Respectfully submitted,

Dated: 1/15/04

/s/ Janelle E. Fulton (jef51)
David J. MacMain (PA Attorney ID 59320)
Janelle E. Fulton (PA Attorney ID 80027)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendants
City of Reading and
Reading Police Department

995671v1                                        5

## CERTIFICATION

I, Janelle E. Fulton, counsel for Defendants City of Reading and Reading Police Department hereby certify that I attempted to resolve the discovery dispute that is the subject of the attached Motion by conferring and corresponding with Plaintiff's counsel prior to the filing of the present motion.


Dated: 1/15/04                             /s/ Janelle E. Fulton (jef51)
                                           Janelle E. Fulton

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of January, 2004, I served a true and correct copy of the foregoing Motion to Compel upon the following:

>W. Thomas Anthony, Esquire
>451 Main Street
>Bethlehem, PA  18018
>
>Attorney for Plaintiff

>/s/ Janelle E. Fulton (jef51)
>Janelle E. Fulton

995671v1                                7