IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ROMAN,<br><br>          Plaintiff,<br>v.<br><br>CITY OF READING and<br>READING POLICE DEPARTMENT,<br><br>          Defendants. | CIVIL ACTION<br><br>NO. 02-CV-4763<br><br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this _____ day of _____, 2004, it is hereby ORDERED that:

1. All discovery in this case is to be completed by March 1, 2004.

2. All motions for summary judgment and partial summary judgment shall be filed on or before March 15, 2004. Responses to any motions for summary judgment shall be filed within the time permitted under Local Rule of Civil Procedure 7.1(c).

3. A final pretrial conference will be held on May _____ at _____ __.m. All counsel and parties are to report to the Fourth Floor for courtroom assignment. At least one of the attorneys for each party shall have the authority to enter into stipulations and to make admissions regarding all matters.

4. Final pretrial memoranda shall be filed pursuant to Local Rule of Civil Procedure 16.1(c) and shall contain items listed in that rule, including the following: a jurisdictional statement; statement (or, in Defendant's memorandum, counterstatement) of the facts of the case; damages computation, or description of other relief sought; list of intended witnesses, designated separately for liability and damages; schedule of exhibits to be offered at trial; estimate of required trial time; and special comments regarding legal issues, stipulations,

995673v1

amendments of pleadings, or other appropriate matters. Plaintiff shall file its pretrial memorandum May 10, 2004. Defendant shall file its pretrial memorandum by May 20, 2004.

5. In addition to the above, if applicable, each party is required to submit the following in conjunction with the pretrial memoranda: proposed voir dire questions, proposed jury instructions (one point per page), proposed jury interrogatories, a trial memorandum on the legal issues involved in the case, and any motions in limine. The failure to submit proposed jury instructions and jury interrogatories may result in the forfeiture of your right to object to omissions in jury charge. If possible, counsel should provide the Court with copies of the proposed jury instructions and jury interrogatories on 3.5" IBM compatible computer diskettes, in a format readable by WordPerfect 9. If this is a non-jury trial, each party is required to submit proposed findings of fact and conclusions of law on the date on which its pretrial memorandum is due.

6. Unless otherwise ordered, counsel need not submit a pretrial memorandum, if a dispositive motion is filed, until after the Court's ruling on the motion. If necessary, pretrial memos are due 7 days after the Court's ruling on the motion.

7. In preparation for the final pretrial conference, counsel are expected to communicate with each other on the following matters in an effort to reach agreement or, if agreement is not possible, to submit the precise points in dispute, in writing, in a joint statement on the following: (a) agreed upon and disputed facts; (b) objections to any proposed witnesses; (c) objections to any proposed exhibits (including objections to genuineness and authenticity); (d) objections to any depositions to be read at trial; (e) disputed legal issues; (f) amendments to pleadings; (g) stipulated to and disputed points for charge; (h) verdict sheet and special interrogatories; and (i) number of days required for trial.

8. Trial is scheduled for a June ____, 2004 trial pool.

It is so **ORDERED**.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROMAN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4763 |
| | : | |
| CITY OF READING and | : | |
| READING POLICE DEPARTMENT, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

### MOTION FOR ENLARGEMENT OF TIME

Defendants, City of Reading and Reading Police Department, by and through their undersigned counsel, hereby move, pursuant to Federal Rule of Civil Procedure 6(b)(1), for an enlargement of time to complete discovery. In support of this Motion, the parties state as follows:

1. Plaintiff initiated this action *pro se* on July 18, 2002.

2. Pursuant to this Court's Order entered on April 22, 2003, all discovery was to be completed by August 15, 2003.

3. By Order entered on September 23, 2003, this Court ordered the parties to provide a written status report with ten (10) days.

4. By letter dated October 3, 2003, counsel for Defendants informed the Court that Plaintiff had not been in contact with counsel for Defendants since the Court's Order dated April 22, 2003. Counsel also stated that Defendants intended to take discovery during the following weeks and asked the Court to extend the discovery deadline to November 28, 2003 and the deadline for dispositive motions to December 19, 2003. See correspondence from Danielle M. White to the Honorable Cynthia M. Rufe dated October 3, 2003, a copy of which is attached hereto as Exhibit A.

-1-

995673v1

5. Plaintiff failed to respond to the Court's September 23, 2003 Order.

6. On October 22, 2003, this Court entered a Supplemental Scheduling Order, scheduling a final pretrial conference for March 25, 2004 and scheduling this matter for an April 6, 2004 trial pool. The Supplemental Scheduling Order was silent as to the discovery deadline and the deadline for dispositive motions.

7. Defendants have been attempting to actively conducting discovery in this matter. However, Defendants had significant difficulty obtaining any form of discovery from Plaintiff. Due to Plaintiff's lack of cooperation in this process, discovery has been significantly delayed.[1]

8. Specifically, on October 10, 2003, Defendants served their First Set of Interrogatories Directed to Plaintiff and their First Request for Production of Documents and Things Directed to Plaintiff. See correspondence from Danielle White, Esquire to Jason Roman dated October 10, 2003, a copy of which is attached hereto as Exhibit B.

9. On October 10, 2003, Defendants also served a Notice of Deposition, scheduling Plaintiff's deposition for November 3, 2003. See Exhibit B.

10. On October 21, 2003, Defendants served an Amended Notice of Deposition, rescheduling Plaintiff's deposition for November 4, 2003. See correspondence from Danielle White, Esquire to Jason Roman dated October 21, 2003, a copy of which is attached hereto as Exhibit C.

11. After business hours on November 3, 2003 and on the morning of November 4, 2003, Plaintiff faxed letters to counsel for Defendants stating that he was confused as to the date and mistakenly thought that his deposition had been scheduled for December 3,

---

[1] See Defendants' Motion to Compel, which was filed concurrently with this Motion.

-2-

995673v1

2003. In this correspondence, Plaintiff also stated that W. Thomas Anthony, Esquire would be representing him in this matter and would be contacting Defendants to reschedule Plaintiff's deposition.[2] See correspondence from Jason Roman to David J. MacMain dated November 3, 2003, a copy of which is attached hereto as Exhibit D; correspondence from Jason Roman to Danielle M. White dated November 3, 2003, a copy of which is attached hereto as Exhibit E.

12. By letter dated November 4, 2003, counsel for Defendants advised Plaintiff that Mr. Anthony had not contacted her and served Plaintiff with a Second Amended Notice of Deposition rescheduling Plaintiff's deposition for November 17, 2003. See correspondence from Janelle E. Fulton to Jason Roman dated November 4, 2003, a copy of which is attached hereto as Exhibit F.

13. Mr. Anthony finally contacted counsel for Defendants by telephone on November 11, 2003. By letter dated November 11, 2003, counsel for Defendants forwarded to Mr. Anthony a copy of the Second Amended Notice of Deposition as well as copies of Defendants' interrogatories and document requests that had been served on Plaintiff on October 10, 2003. See correspondence from Janelle E. Fulton to W. Thomas Anthony dated November 11, 2003, a copy of which is attached hereto as Exhibit G.

14. On November 14, 2003, Mr. Anthony advised counsel for Defendants that he would not available to attend Plaintiff's deposition on November 17, 2003 and stated that he and Plaintiff would be available on December 3, 2003. See correspondence from Janelle E.

---

[2] Although Mr. Anthony has apparently not yet entered his appearance in this matter, he has represented to counsel for Defendants that he represents Mr. Roman in this matter and he defended Mr. Roman at his deposition on December 3, 2003.

Fulton to W. Thomas Anthony dated November 17, 2003, a copy of which is attached hereto as Exhibit H.

15. Accordingly, under cover of letter dated November 17, 2003, counsel for Defendants forwarded a Third Amended Notice of Deposition to Mr. Anthony, once again rescheduling Plaintiff's deposition. See Exhibit H.

16. To date, Plaintiff has not served his initial disclosures or answered Defendants' written discovery. See Defendants' Motion to Compel, which was filed concurrently with this Motion.

17. At his deposition on December 3, 2003, Plaintiff for the first time identified medical providers from whom he claims to have received treatment for psychiatric injuries he allegedly sustained as a result of the incident at issue in his Complaint.

18. At his deposition, Plaintiff elected to read and sign his deposition transcript. As such, Defendants have not yet received the transcript of Plaintiff's deposition from the court reporter.

19. Defendants learned for the first time at Plaintiff's deposition that Plaintiff uses several aliases on legal documents and with medical providers.

20. Due to the fact that Plaintiff uses many aliases, it has been difficult for Defendants to locate and obtain Plaintiff's records.

21. In addition, Plaintiff has further hindered Defendants ability to conduct discovery by refusing to provide HIPAA authorizations for two of his medical providers. See Defendants' Motion to Compel, filed concurrently with this Motion.

22. For the reasons stated above, Defendants require additional time to complete discovery in this matter.

995673v1

23.    Defendants estimate that discovery should be complete on or before March 1, 2004.

WHEREFORE, Defendants respectfully request that the Court extend the discovery deadline until March 1, 2004, extend the deadline for dispositive motions until March 15, 2004, and extend the deadlines set forth in its October 22, 2003 Supplemental Scheduling Order for a period of sixty (60) days.

Respectfully submitted,

Dated: 1/15/04

/s/ Janelle E. Fulton (jef51)
David J. MacMain (PA Attorney ID 59320)
Janelle E. Fulton (PA Attorney ID 80027)
MONTGOMERY, MCCRACKEN,
  WALKER & RHOADS, LLP
123 S. Broad Street
Philadelphia, PA 19109
(215) 772-1500

Attorneys for Defendants
City of Reading and
Reading Police Department

## CERTIFICATE OF SERVICE

I, Janelle E. Fulton, hereby certify that on this 15th day of January, 2004, I served a true and correct copy of the foregoing Motion for Enlargement of Time, by United States first-class mail, postage prepaid, upon the following:

>W. Thomas Anthony, Esquire
>451 Main Street
>Bethlehem, PA  18018
>
>Attorney for Plaintiff

>/s/ Janelle E. Fulton (jef51)
>Janelle E. Fulton