**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON ROMAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-4763 |
| | : | |
| | : | |
| CITY OF READING and | : | |
| READING POLICE DEPARTMENT, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

<u>**ORDER**</u>

AND NOW, this _____ day of _____, 2004, upon

consideration of the Motion to Dismiss the Complaint Pursuant to Rule 37(d) Based Upon

Plaintiff's Failure to Comply with Court's Order to Provide Initial Disclosures, Answers to

Interrogatories and Document Requests, and HIPAA Authorizations, and any response thereto, it

is hereby ORDERED that the Motion is GRANTED and the Complaint is DISMISSED with

prejudice.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

1009140v1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON ROMAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4763 |
| | : | |
| | : | |
| CITY OF READING and | : | |
| READING POLICE DEPARTMENT, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**
**PURSUANT TO RULE 37(d) BASED UPON PLAINTIFF'S**
**FAILURE TO COMPLY WITH COURT'S FEBRUARY 3, 2004 ORDER**
**TO PROVIDE INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES**
**AND DOCUMENT REQUESTS, AND HIPAA AUTHORIZATIONS**

Defendants City of Reading and Reading Police Department ("Defendants")

hereby move this Court, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, to

dismiss the Complaint because Plaintiff has failed to comply with this Court's February 3, 2004

Order requiring him to provide: (1) his Rule 26(a)(1) initial disclosures, (2) full and complete

answers to Defendants' interrogatories, (3) full and complete answers to Defendants' document

requests, and (4) signed HIPAA authorizations addressed to: (a) the Lehigh County Office of

Mental Health and (b) Lehigh Valley Hospital and Health Network – Mental Health Clinic.

Furthermore, Plaintiff has given no explanation or excuse for his failure to comply with his this

Court's Order and his obligations as a federal court litigant.

In support of their motion, Defendants incorporate the attached Memorandum of

Law and aver the following:

1.      Plaintiff commenced this § 1983 federal civil rights action as a *pro se*

litigant by filing a Complaint on or about July 18, 2002, claiming that Defendants failed to: (1)

"warn the public" by installing signs that the neighborhood in the City of Reading was a "high crime" area, Compl. ¶¶ 22-23; (2) prevent the high crime areas by failing "to remove trees" and "install brighter street lights," id. at ¶ 25; (3) ensure "the safety of citizens and visitors to the city" in violation of Plaintiff's constitutional right to travel, id. at ¶¶ 27, 31; and (4) investigate the crime committed against Plaintiff.  Id. at ¶ 30.  Plaintiff further alleged that the officers' failure to investigate the incident demonstrates that Defendants have a "policy of racial inequality."  Id. at ¶ 37.

2.      On September 18, 2002, Reading filed a Motion to Dismiss Plaintiff's Complaint.

3.      On October 29, 2002, Plaintiff filed a Motion for Extension of Time in which to respond to Defendants' Motion to Dismiss.  Reading did not contest Plaintiff's motion, and, by Order dated November 7, 2002, the Court granted the motion and extended the time for Plaintiff to respond to the motion until December 6, 2002.

4.      Plaintiff failed to respond to Defendants' Motion to Dismiss by December 6, 2002.  Accordingly, by Order dated December 13, 2002, the Court granted Reading's Motion to Dismiss as uncontested and dismissed the Complaint without prejudice. In the Order, the Court granted leave for Plaintiff to file an Amended Complaint within twenty days, or by January 2, 2003, but Plaintiff failed to do so.

5.      Instead, thirty-nine days later, on January 21, 2003, Plaintiff filed an opposition to Reading's Motion to Dismiss, followed by an addendum thereto on February 3, 2003.

6.      On February 10, 2003, Reading moved to strike Plaintiff's opposition and addendum, and, by Order dated February 13, 2003, the Court granted the motion because Plaintiff's opposition was moot.

7.      On February 26, 2003, Plaintiff filed a Motion to Vacate the Court's prior Orders and reinstate the Complaint, claiming that he had never received the Court's prior Orders setting the deadlines for filing his opposition or amended complaint.  Defendants did not oppose this Motion.

8.      Accordingly, on April 3, 2003, the Court granted Plaintiff's unopposed Motion to Vacate the Court's prior Orders and reinstated the Complaint, Defendants' Motion to Dismiss, and Plaintiff's filings in opposition.

9.      By Memorandum and Order dated April 22, 2003, the Court grant Reading's Motion to Dismiss Plaintiff's claims arising out of the Due Process Clause of the U.S. Constitution.  See Roman v. City of Reading, 257 F. Supp. 2d 799 (Rufe, J., April 22, 2003). The Court, however, did not dismiss Plaintiff's Equal Protection Claim and Right to Travel Claim on the basis that Plaintiff might have been able to develop facts in discovery to support these two claims.

10.     Defendants filed an Answer and Affirmative Defenses to Plaintiff's remaining claims on May 12, 2003.

11.     By Order dated September 22, 2003, this Court required the parties to provide a status report to the Court within ten (10) days.

12.     Defendants provided their status report to the Court on October 3, 2003. Plaintiff failed to comply with the Court's September 22, 2003 Order and never provided his status report.

3

13.    On October 10, 2003, Defendants served their First Set of Interrogatories Directed to Plaintiff and their First Request for Production of Documents and Things Directed to Plaintiff. <u>See</u> correspondence from Danielle White to Jason Roman dated October 10, 2003, a copy of which is attached hereto as Exhibit A.  Defendants also served their initial disclosure statement on that date, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.  <u>See</u> Exhibit A.

14.    With that same letter, Defendants served Plaintiff with a Notice of Deposition directed to Plaintiff.  <u>See</u> Exhibit A.

15.    Pursuant to Federal Rules of Civil Procedure 33 and 34, Plaintiff's answers to Defendants' First Set of Interrogatories and First Request for Production were due on or before November 10, 2003.

16.    Plaintiff did not answer or object to Defendants' Interrogatories or Requests for Production of Documents by November 10, 2003.

17.    Plaintiff did not appear for his deposition, which was scheduled for November 4, 2003, because, he claimed, he had misunderstood the date.  <u>See</u> correspondence from Jason Roman to David J. MacMain dated November 3, 2003, a copy of which is attached hereto as Exhibit B.  In this same correspondence, Plaintiff stated that he would be represented in this matter by W. Thomas Anthony, Esquire.  <u>See</u> <u>id.</u>; <u>see also</u> correspondence from W. Thomas Anthony to David J. MacMain dated November 4, 2003, a copy of which is attached hereto as Exhibit C (indicating that Mr. Anthony would be representing Plaintiff in this action).[1]

---

[1] Mr. Anthony has apparently not yet entered his appearance in this matter, but he and Plaintiff have represented to counsel for Defendants that he represents Plaintiff in this matter, and he defended Plaintiff at his deposition on December 3, 2003.

1009140v1

18.     By letter dated November 11, 2003, counsel for Defendants requested that Plaintiff provide his answers to Defendants' First Set of Interrogatories and Request for Production of Documents. See correspondence from Janelle E. Fulton to W. Thomas Anthony dated November 11, 2003, a copy of which is attached hereto as Exhibit D.

19.     By letter dated November 17, 2003, counsel for Defendants again requested that Plaintiff provide his initial disclosures and his answers to Defendants' First Set of Interrogatories and Request for Production of Documents.  See correspondence from Janelle E. Fulton to W. Thomas Anthony dated November 17, 2003, a copy of which is attached hereto as Exhibit E.

20.     On December 3, 2003, following Plaintiff's deposition, counsel for Defendants once again requested Plaintiff's answers to Defendants' written discovery. At that time, both Plaintiff and his lawyer denied receiving Defendants' Interrogatories and Request for Production of Documents.  However, Mr. Roman undeniably did receive the notice of deposition that was enclosed along with the interrogatories and document requests in the October 10, 2003 correspondence.  See Exhibits B and C. In addition, counsel for Defendants forwarded copies of the written discovery to Mr. Anthony under cover of letter dated November 11, 2003.  See Exhibit D.  Nevertheless, counsel for Defendants handed Plaintiff's counsel another copy of the written discovery on December 3, 2003.

21.     In response, and on the record, Mr. Anthony stated, "I will make sure he fills out that stuff and gets you the information."  Dep. tr., Roman at pp. 134-35,[2] a copy of

---

[2]   Only the referenced pages of the transcript of Plaintiff's deposition are attached as Exhibit F. However, for the Court's reference, the entire transcript of Plaintiff's deposition is attached to Defendants Motion for Summary Judgment, which is being filed contemporaneously with this motion.

which is attached hereto as Exhibit F.  However, to date, Plaintiff has still not responded to the discovery requests.

22.    By letter dated December 30, 2003, counsel for Defendants again requested that Plaintiff provide his initial disclosures and his answers to Defendants' First Set of Interrogatories and Request for Production of Documents.  See correspondence from Janelle E. Fulton to W. Thomas Anthony dated December 30, 2003, a copy of which is attached hereto as Exhibit G.

23.    Despite Defendants' repeated requests, Plaintiff neither responded to Defendants' letter nor did he answer Defendants' discovery requests or provide his Rule 26(a)(1) disclosures.

24.    In addition, at his deposition on December 3, 2003, Plaintiff testified that he has suffered a psychological injury as a result of his encounter with the Reading Police Department.

25.    At his deposition on December 3, 2003, Plaintiff for the first time identified his medical providers.

26.    At that time, Plaintiff signed blank HIPAA Compliant Authorizations generated by counsel for Defendants.  However, counsel for Defendant subsequently learned that two of Plaintiff's medical providers, the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic, would not accept these HIPAA Compliant Authorizations and required that Plaintiff sign their own releases.

27.    By letter dated December 9, 2003, counsel for Defendants provided the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic medical releases to Plaintiff and requested that Plaintiff sign and return the

6

releases as soon as possible.  <u>See</u> correspondence from Eileen Binderman to W. Thomas Anthony dated December 9, 2003, a copy of which is attached hereto as Exhibit H.

28.     By letter dated December 30, 2003, counsel for Defendants again requested that Plaintiff provide signed authorizations for the release of Plaintiff's medical records from Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network - Mental Health Clinic.  <u>See</u> Exhibit G.

29.     Despite Defendants' repeated requests, as of this date, Plaintiff has failed to provide these signed authorizations.

30.     On January 15, 2004, Defendants filed a motion pursuant to Rules 26 33, 34 and 37 of the Federal Rules of Civil Procedure to compel Plaintiff to provide: (1) his Initial Disclosures; (2) full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff; (3) full and complete answers to Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein; and (4) signed HIPAA releases for the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic.

31.     On February 3, 2003, this Court granted Defendants' Motion to Compel and ordered that Plaintiff provide: (1) his Initial Disclosures; (2) full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff; (3) full and complete answers to Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein; and (4) signed HIPAA releases for the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic to Defendants no later than February 13, 2004.  A copy of the Court's February 3, 2003 Order is attached hereto as Exhibit I.

32.    By facsimile dated February 4, 2004, counsel for Defendants forwarded the Court's February 3, 2004 Order to Plaintiff's counsel. <u>See</u> facsimile from Janelle E. Fulton to W. Thomas Anthony with attached confirmation sheet dated February 4, 2004, a copy of which is attached hereto as Exhibit J.

33.    Plaintiff failed to comply with the Court's Order. To date, Plaintiff has not provided (1) his Initial Disclosures; (2) full and complete answers to Defendants' First Set of Interrogatories Directed to Plaintiff; (3) full and complete answers to Defendants' First Request for Production of Documents and Things Directed to Plaintiff and produce all documents and things requested therein; and (4) signed HIPAA releases for the Lehigh County Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic.

34.    Plaintiff's failure to provide his initial disclosure statement pursuant to Rule 26(a)(1) as well as answers to Defendants written discovery and the requested HIPAA authorizations has limited Defendants' ability to identify witnesses and conduct discovery, including taking depositions.

35.    By asserting 42 U.S.C. § 1983 Civil Rights violations based on the Equal Protection Clause and the Right to Intrastate Travel, Plaintiff has accused Defendants of wrongdoing, which Defendants emphatically deny.

36.    Pursuant to the Court's October 22, 2003 and January 21, 2004 Orders, fact discovery closed on February 13, 2004, dispositive motions must be filed by February 23, 2004[3], and this case will be placed in the trial pool on April 6, 2004.

---

[3]    Contemporaneously with this Motion, Defendants are filing a Motion for Summary Judgment, based upon Plaintiff's failure to produce any evidence whatsoever in support of his remaining claims against Defendants.

37.    Plaintiff's refusal to participate in the discovery process, as evidenced by a continuing failure to provide his initial disclosures, timely answers to interrogatories and requests for production of documents, and signed HIPAA authorizations, despite Defendants' repeated requests, has effectively precluded Defendants from preparing their defense.

38.    At this point in the litigation, a sanction other than dismissal would be ineffective, would reward Plaintiff's dilatoriness, and would significantly prejudice Defendants.

WHEREFORE, because Plaintiff has refused to engage in discovery, even after numerous requests by Defendants and this Court's February 3, 2004 Order, Defendants respectfully request that this Court grant their Motion to Dismiss this lawsuit and award Defendants the reasonable expenses incurred in making this Motion, including attorneys' fees.

Respectfully submitted,


Dated: 2/23/04             /s/ Janelle E. Fulton (jef51)
                          David J. MacMain (PA Attorney ID 59320)
                          Janelle E. Fulton (PA Attorney ID 80027)
                          MONTGOMERY, MCCRACKEN,
                            WALKER & RHOADS, LLP
                          123 S. Broad Street
                          Philadelphia, PA 19109
                          (215) 772-1500

                          Attorneys for Defendants
                          City of Reading and Reading Police Department

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JASON ROMAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4763 |
| | : | |
| | : | |
| CITY OF READING and | : | |
| READING POLICE DEPARTMENT, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT
PURSUANT TO RULE 37(d) BASED UPON PLAINTIFF'S FAILURE
TO COMPLY WITH COURT'S FEBRUARY 3, 2004 ORDER TO
PROVIDE INITIAL DISCLOSURES, ANSWERS TO INTERROGATORIES
AND DOCUMENT REQUESTS, AND HIPAA AUTHORIZATIONS**

Defendants City of Reading and Reading Police Department ("Defendants") submit this Memorandum of Law in support of their motion to dismiss the Complaint, because Plaintiff has refused to engage in discovery, notwithstanding Defendants' repeated requests and this Court's Order directing him to do so.

**I.      INTRODUCTION**

Plaintiff initiated the present action pursuant to 42 U.S.C. § 1983 alleging that Defendants denied him Equal Protection based upon his race and violated his Right to Travel when police determined there was insufficient evidence to investigate a random and unwitnessed shooting of Plaintiff's car.

As part of the discovery process, Defendants requested that Plaintiff (1) provide his initial disclosures as required by Rule 26(a)(1), (2) answer interrogatories, (3) answer document requests, and (4) provide necessary HIPAA authorizations for the release of Plaintiff's medical records pertaining to his claim for damages against Defendants. Despite repeated

requests by Defendants, Plaintiff failed to provide his initial disclosures, the HIPAA

authorizations, and answers to Defendants' written discovery.  On January 15, 2004, Defendants

filed a Motion to Compel Plaintiff's initial disclosures, discovery responses, and HIPAA

authorizations pursuant to Rules 26 33, 34 and 37 of the Federal Rules of Civil Procedure.

On February 3, 2004, the Court granted the Motion to Compel and ordered

Plaintiff to provide: (1) his Initial Disclosures; (2) full and complete answers to Defendants' First

Set of Interrogatories Directed to Plaintiff; (3) full and complete answers to Defendants' First

Request for Production of Documents and Things Directed to Plaintiff and produce all

documents and things requested therein; and (4) signed HIPAA releases for the Lehigh County

Office of Mental Health and Lehigh Valley Hospital and Health Network – Mental Health Clinic

to Defendants no later than February 13, 2004.  See Exhibit I.  To date, ten days after the time

prescribed by this Court, Plaintiff has failed to provide any of these materials to Defendants.

Accordingly, Plaintiff is now in contempt of this Court's February 3, 2004 Order.

In light of Plaintiff's contumacious behavior, Defendants move for dismissal of the Complaint

pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.  Defendants request that

Plaintiff's claims be dismissed for his continuing failure to provide discovery responses and to

comply with this Court's discovery Order of February 3, 2004.

Discovery in the instant matter ended on February 13, 2004, and the Court's

scheduling order requires that dispositive motions be filed by February 23, 2004.[4]  As of the date

of this Motion, Plaintiff has not served his initial disclosures required by Rule 26(a)(1), nor has

he answered Defendants interrogatories and documents or provided necessary HIPAA

---

[4]   Contemporaneously with this Motion, Defendants are filing a Motion for Summary Judgment,
based upon Plaintiff's failure to produce any evidence whatsoever in support of his remaining
claims against Defendants.

authorizations for the release of medical records relating to Plaintiff's claims.  Without the aid of

initial disclosures, interrogatories, requests for documents, and HIPAA authorizations,

Defendants cannot adequately investigate or defend against Plaintiff's claims.  Plaintiff's blatant

refusal to engage in discovery has severely prejudiced Defendants and warrants dismissal of the

action.

## II.    ARGUMENT

### A.    Plaintiff Cannot Pursue His Claims While Engaging in Contumacious Conduct That Prevents Defendants from Obtaining Discovery Necessary to Defend Against Plaintiff's Claims

Federal Rule of Civil Procedure 37 permits a court to dismiss a claim when a

party fails to obey a discovery order.  Rule 37(d) provides in pertinent part that:

> If a party . . . fails . . . (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule.

See Fed. R. Civ. P. 37(d).  Under Federal Rule of Civil Procedure 37(b)(2),

> If a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

> (A)    An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

> (B)    An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C)    An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party; . . .

In lieu of any of the foregoing orders or in addition thereto, the court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

See Fed. R. Civ. P. 37(b)(2).

Discovery serves the purpose of permitting parties "to obtain the fullest possible knowledge of the issues and facts before trial." Aluminum Shapes, Inc., v. Paul Frank Roofing and Waterproofing Co., No. 94-0202, 1994 U.S. Dist. Lexis 10825, at *3 (E.D. Pa. Aug. 5, 1994). A party should be not be permitted to dictate the outcome of a case by refusing to provide information necessary to advance the case. Lesser v. Aseron, Nos. 96-8121 and 97-6070, 1999 U.S. Dist. Lexis 113, at *7-8 (E.D. Pa. Jan. 11, 1999).

Rule 37 serves the dual purposes of penalizing a party who fails to comply with a discovery order and providing incentive to obey future discovery orders. See Christian v. Burman, No. 98-2045, U.S. Dist. Lexis 17381, at *14 (E.D. Pa. 1999) (Hutton, J.) (failure to submit to medical examination); Toner v. Wilson, 102 F.R.D. 275, 276 (M.D. Pa. 1984) (failure to produce documents). "Dismissal [of a claim] is a drastic sanction and should be reserved for those cases where there is a clear record of delay or contumacious conduct by the plaintiff." Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 866 (3d Cir. 1984); Lesser, Nos. 96-8121 and 97-6070, 1999 U.S. Dist. Lexis 113, at *5 (quoting Poulis). Whether to dismiss a party's claims based upon that party's failure to comply with a court order is a matter of discretion for the trial court. Lesser, Nos. 96-8121 and 97-6070, 1999 U.S. Dist. Lexis 113, at *5.

4

In <u>Poulis</u>, the Court of Appeals for the Third Circuit set forth six factors that a court should consider when determining whether dismissal of a claim is appropriate.  <u>United States v. $ 8,221,877.16 in United States Currency</u>, 330 F.3d 141, 161-62 (3d Cir. 2003) (citing <u>Poulis</u>, 747 F.2d at 868).  The <u>Poulis</u> factors include (1) the extent to which a party is personally responsible for the grounds on which dismissal is sought; (2) the prejudice caused to the party's adversary by the party's failure to comply with a scheduling order or to respond to discovery; (3) the party's history of dilatoriness; (4) whether the conduct of the party or the party's attorney was willful or in bad faith; (5) the extent to which sanctions other than dismissal would be effective; and (6) the meritoriousness of the party's claim.  <u>Poulis</u>, 747 F.2d at 868.  No one factor is dispositive; instead, a court must consider and weigh all six of the <u>Poulis</u> factors in the context of the specific facts of a case to determine whether dismissal is appropriate.  <u>Milligan v. Davidson</u>, No. 95-7693, 1995 U.S. Dist. Lexis 17149, at *17 (E.D. Pa. Nov. 19, 1996).  However, not all of the <u>Poulis</u> factors need be met for a district court to find that dismissal is warranted.  <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 221-22 (3d Cir. 2003) (citing <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988)).

1.    Plaintiff and His Counsel Are Responsible for Their Failure to
      <u>Comply with the Court's Order and Provide Discovery Responses</u>

The first consideration under <u>Poulis</u> when determining whether to dismiss a claim is the extent to which a party against whom dismissal is sought is personally responsible for his or her failure to cooperate with the discovery process or to follow a court's scheduling order. <u>Poulis</u>, 747 F.2d at 868.

In <u>Bowman v. Babbitt</u>, No. 00-5716, 2001 U.S. Dist. Lexis 17429, at *2  (E.D. Pa. Sept. 21, 2001), the Court issued a scheduling order, requiring, *inter alia*, the completion of discovery by a certain date.  As of the date of the final pre-trial conference, no responses to

5

discovery had been served.  Id. at *5-6.  The court  applied the Poulis factors and determined that

dismissal of the Complaint was warranted.  Id. at *7.  The court noted that although it was

unclear the extent to which Plaintiff was personally responsible for the disobedience of the

Court's Order or for the failure to respond to discovery, "a client cannot always avoid the

consequences of the acts or omissions of its counsel."  Id. at *8 (quoting Poulis).

       Here, despite a court order requiring him to do so, Plaintiff has failed provide his

initial disclosures as required of all parties by Rule 26(a)(1) of the Federal Rules of Civil

Procedure, as well as answers to Defendants' interrogatories and document requests and HIPAA

authorizations.  Moreover, he has offered no excuse or explanation for these delinquencies.

Admittedly, the extent to which Plaintiff is personally responsible is unclear.  However, Plaintiff

initiated this action as a *pro se* litigant and was, therefore, solely responsible for the conduct of

this litigation until at least, November 4, 2003, when he retained Mr. Anthony to represent him in

this matter.  Moreover, Plaintiff has had the benefit of representation by counsel of his choosing

since at least November 4, 2003 (see Exhibits B and C) and, as the Court admonished in the

February 3, 2004 Order, "the Court expects counsel for Plaintiff to comply strictly with all

relevant deadlines."  Exhibit I n.1.  The fact that Plaintiff may not personally responsible does

not mean that he can necessarily escape the consequences of his counsel's misconduct. Bowman,

2001 U.S. Dist. Lexis 17429, at *8.

       No one Poulis factor is dispositive and regardless of whether Plaintiff bears

responsibility for his counsel's dilatory and contumacious conduct, consideration of the

remaining factors still warrants dismissal of the Complaint.  See Ware v. Rodale Press, Inc., 322

F.3d 218, 221-22 (3d Cir. 2003) (upholding dismissal of claim the despite fact that extent of

plaintiff's personal responsibility was not dispositive).

2.    Defendants Are Prejudiced by Plaintiff's Failure to Comply with
the Court's Order to Respond to Defendants' Discovery Requests

The second consideration for dismissal under Poulis is whether Defendants are

prejudiced by Plaintiff's refusal to participate in discovery and his failure to comply with the

Court order requiring him to provide his initial disclosures, discovery responses, and HIPAA

authorizations. Poulis, 747 F.2d at 868. "Prejudice to one's adversary includes deprivation of

information through non-cooperation with discovery, and costs expended obtaining court orders

to force compliance with discovery." Milligan, No. 95-7693, 1995 U.S. Dist. Lexis 17149, at

*20 (wherein the plaintiff refused to submit to a medical examination, despite claiming that the

defendants' assault on her caused physical and psychological injuries) (citing Curtis T.

Bedwell & Sons, Inc., v. International Fidelity Ins. Co., 843 F.2d 683, 693 (3d Cir. 1988)).

Here, Plaintiff has made serious allegations of racial discrimination against the

City of Reading and its police department, but he has refused to provide even the most basic

information such as names of witnesses, dates, places, or physical or documentary evidence that

would support his claims. Plaintiff did finally appear for a deposition after Defendants had to

reschedule it twice, but he did not have the evidence he claims will support his claims with him

at the deposition, and, though he said he would provide such evidence, he has failed to do so.

For example, Plaintiff claims that he was treated differently by Reading police because he is

black. When counsel for Defendants asked Plaintiff what evidence he has to support his serious

allegation that Reading has a policy of racial inequality, he responded that he would "go to the

Reading Eagle [newspaper] and get a list of how many white persons were shot at and ask them .

. . if they were treated the same way." Dep. tr., Roman at 127-28 (Exhibit F). He also stated, "I

will go to different police departments and get what their regulations are with respect to a

shooting and with respect to a victim in a shooting, but if we go to trial I will be prepared with

7

that information." Id. at 128. Unfortunately, because Plaintiff has refused to provide his initial

disclosures and to respond to Defendants' interrogatories and document requests, if this case is

permitted to go to trial, Plaintiff may be prepared with this information, but Defendants will not.

Plaintiff's dilatory conduct has totally impaired Defendants' ability to investigate

and defend against Plaintiff's claims. This is a very real prejudice that will continue to hurt

Defendants if the case proceeds from this point.

### 3.    Plaintiff Has a History of Dilatory Conduct

The third Poulis factor requires analysis of whether there has been a history of

dilatoriness. Poulis, 747 F. 2d at 868. In Poulis, the District Court found that the litigation had

been characterized by a consistent delay by the plaintiff's counsel. In addressing the dilatory

issue, the Court stated "In this case there has been a pattern of dilatoriness. Time limits imposed

by the rules and the court serve an important purpose for the expeditious processing of

litigation." Id. If compliance is not feasible, a timely request for an extension should be made to

the court. A history by counsel of ignoring these time limits is intolerable. Id.

Plaintiff's dilatory conduct here has been consistent. First, Plaintiff originally

filed the action on July 18, 2002, but he has not yet provided his initial disclosures. While the

fact that Plaintiff was, initially, a *pro se* litigant might have entitled him to leniency, "this

leniency does not excuse a *pro se* plaintiff from conforming to the rules of civil procedure."

Roman v. City of Reading, 257 F. Supp. 2d 799, 801 (E.D. Pa. 2003). Moreover, Plaintiff has

been represented by counsel since at least November 4, 2003, and has no excuse for failing to

serve the disclosures. See Exhibits B and C.

Second, Plaintiff filed a Motion for Extension of Time in which to respond to

Defendants' Motion to Dismiss, which Defendants did not oppose and which was granted by the

Court, but then failed to respond within the time allotted by the Court or to file an amended complaint. As such, Defendants' Motion to Dismiss was granted as uncontested. Then, thirty-nine days later, Plaintiff finally filed an opposition to Defendants' Motion to Dismiss, which the Court denied as moot in response to Defendants' motion to strike. On February 26, 2003, Plaintiff filed a Motion to Vacate the Court's prior Orders and reinstate the Complaint, claiming that he had never received the Court's prior Orders setting the deadlines for filing his opposition or amended complaint. Defendants did not oppose this Motion, and the Court granted Plaintiff's motion, because Plaintiff claimed that he had not received the Court's prior Orders. Roman, 257 F. Supp. 2d at 800 n.1. However, this turned out to be just the beginning of Plaintiff's dilatory course.

Third, by Order dated September 22, 2003, this Court required the parties to provide a status report to the Court within ten (10) days. Defendants provided their status report to the Court on October 3, 2003. However, Plaintiff failed to comply with the Court's September 22, 2003 Order and never provided his status report. Thus, Plaintiff has violated not one, but two orders of this Court.

Fourth, Plaintiffs has failed to respond to the interrogatories and request for documents that were properly served upon him on October 10, 2003 and again on December 3, 2003. Four months have passed without receipt of responses, which has severely limited Defendants' ability to develop their case. Plaintiff has occasionally said he would provide answers, yet he has not. See Dep. tr., Roman at p. 134-35 (Exhibit F).

Fifth, for over two months Plaintiff has failed to provide HIPAA authorizations for the release of his medical records of treatment he received and which, he claims, is evidence of the damages he allegedly sustained as a result of his encounter with Reading police officers.

9

Discovery is now closed and, as a result, even if Defendants received the records tomorrow, they would be precluded from following up on any new information contained in those records.

This case has been characterized by delay by Plaintiff. This is not a case where there was only one failure to comply in a timely manner. Donnelly v. Johns-Manville Sales Corp., 677 F. 2d 339, 342 (3d Cir 1982). Plaintiff's continued refusal to participate in discovery has prejudiced Defendants' ability to develop their case, and the third of the six Poulis factors is satisfied.

4.    Plaintiff's Conduct in Refusing to Respond to Discovery Requests
      Was Willful and in Bad Faith

The fourth Poulis factor requires consideration of whether the non-moving party's conduct, or the conduct of the non-moving party's attorney, was willful and in bad faith. Poulis, 747 F.2d at 868. Generally, willfulness and bad faith have been found where a party purpose-fully flouts court orders, ignores deadlines, or fails to provide discovery to his or her adversary. See Wilcox v. Kmart Corp., No. 94-6122, 1995 U.S. Dist. Lexis 3347, at *9 (E.D. Pa. Mar. 14, 1995) (ruling that plaintiff's deliberate refusal to attend a court-ordered medical examination "must be deemed willful and in bad faith" because of his personal responsibility in refusing to attend); Toner, 102 F.R.D. at 277-8 (the plaintiff's failure to comply with a court order requiring the plaintiff to turn documents over to the defendant was willful and in bad faith). See also Sloane v. Thompson, 128 F.R.D. 13, 15 (D. Mass. 1989) (writing that disobedience of court orders and contumacious conduct are indicia of "extreme" misconduct warranting dismissal of an action).

Here, Plaintiff has refused to cooperate in discovery and he has demonstrated a lack of regard for this Court's orders, most recently the February 3, 2004 Order. He has failed to respond to Defendants' repeated requests that he provide his initial disclosures, HIPAA

authorizations, and the discovery responses that were due over three months ago.  He has failed to provide these materials even though ordered to do so by this Court.  This conduct was willful.  Accordingly, the fourth <u>Poulis</u> factor is satisfied.

5.    Sanctions Other Than Dismissal Would Be Ineffective and Would<br>Reward Plaintiff's Contumacious Behavior

Because dismissal of a party's claim is the most severe form of penalty that a court can impose on that party, the fifth <u>Poulis</u> factor requires a court to consider the effectiveness of sanctions other than dismissal.  <u>Poulis</u>, 747 F.2d at 868.

In <u>Lesser v. Aseron</u>, the plaintiffs alleged various injuries as a result of a car accident.  <u>Lesser v. Aseron</u>, Nos. 96-8121 and 97-6070, 1999 U.S. Dist. Lexis 113, at *2-3 (E.D. Pa. Jan. 11, 1999).  The plaintiffs failed to respond to the defendant's discovery requests and the court granted the defendant's motion to compel answers to discovery.  <u>Id.</u> at *3-4.  The plaintiff failed to comply with the court's order and the defendant filed a motion to dismiss the plaintiffs' claims.  <u>Id.</u> at *4-5.  In granting the defendant's motion, the court wrote that "if this Court were to preclude the Plaintiffs from presenting any medical evidence and from contesting any claim, testimony, or documentation presented by [the defendant] regarding the Plaintiffs' medical condition, the trial would be entirely pointless."  <u>Id.</u> at *7.

Here, any sanction other than dismissal fails to cure the prejudice caused to Defendants by Plaintiff's refusal to cooperate with discovery.  At this point, the Defendants do not even know who Plaintiff thinks has knowledge of the allegations in the Complaint or what evidence, if any, Plaintiff would present to support his claims.  Simply expanding the discovery period is not likely to cure this problem.  Nor is precluding certain evidence likely to cure the problem, since Plaintiff has, to date, failed to come forward with any evidence whatsoever in

11

support of his claims and, as such, preclusion of Plaintiff's evidence would be tantamount to a dismissal of the action.

Dismissal of Plaintiffs' claims is the most appropriate sanction for Plaintiffs' refusal to cooperate with discovery, and the fifth <u>Poulis</u> factor is satisfied.

6. Plaintiff's Underlying Claims in the Case at Bar Lack Merit and Therefore Should Be Dismissed

The sixth and final <u>Poulis</u> factor requires a consideration of the merits of the case. Discovery is now closed, and Plaintiff has failed to present any evidence whatsoever to support his claims that the City of Reading and/or the Reading Police Department discriminated against him based upon his race and violated his constitutionally protected Right to Travel.

Here, **Plaintiff has conducted no discovery whatsoever** – he has not taken one deposition, of the officers involved, of any Reading official, or of any other witnesses, and he has not served any written discovery on Defendants -- nor has he provided the initial disclosures required by Federal Rule of Civil Procedure 26(a) or responded to Defendants' interrogatories and document requests. By failing to participate in discovery, Plaintiff has not only failed to proffer the facts necessary to support his claims, but he has also severely limited Defendants' ability to investigate his claims. Since such facts have not been developed, Plaintiff is unable to meet this burden, there is no "colorable" claim or "probative" evidence to establish that Defendants should in any way be held liable for the claims asserted.

For the reasons stated herein, as well as those reasons stated more fully in Defendants' Motion for Summary Judgment, which Defendants are filing contemporaneously herewith and which Defendants incorporate herein, Plaintiff's underlying claims are completely without merit and should be dismissed.

1009140v1

For the foregoing reasons, Plaintiff's refusal to engage in discovery and to comply with the Court's February 3, 2004, Order warrants dismissal of his claims. Accordingly, Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

**B.      Plaintiff Should Reimburse Defendants for Attorneys Fees and Costs <u>Incurred in Connection with Plaintiff's Refusal to Cooperate with Discovery</u>**

Rule 37(b)(2) states in relevant part:

> In lieu of any of the foregoing orders [for sanctions and/or dismissal] or in addition thereto, the court ***shall*** require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2) (emphasis supplied).

"The drafters of Rule 37(b)(2) apparently believed that, absent justifiable non-compliance or circumstances making an award of expenses unjust, an award of expenses was necessary to effectuate the purpose of Rule 37." <u>Toner</u>, 102 F.R.D. at 279.

Plaintiff's refusal to cooperate with discovery has forced Defendants to incur attorneys' fees and costs to prepare and file the instant Motion, as well as the previous Motion to Compel. These fees and costs would not have been necessary, but for Plaintiff's dilatory and contumacious behavior. Accordingly, Defendants respectfully request that Plaintiff be required to reimburse Defendants for the fees and costs incurred by making this Motion and the previous Motion to Compel.

**III.      <u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that this Court (1) grant their Motion to Dismiss the Complaint based upon Plaintiff's refusal to participate in discovery and to comply with the Court's February 3, 2004 Order; (2) dismiss the Complaint

13

with prejudice; (3) award attorneys' fees and costs to prepare and file the instant Motion and the

previous Motion to Compel; and (4) award any other relief this Court deems necessary and

proper.

                                            Respectfully submitted,


Dated: 2/23/04                          /s/ Janelle E. Fulton (jef51)
                                            David J. MacMain (PA Attorney ID 59320)
                                            Janelle E. Fulton (PA Attorney ID 80027)
                                              MONTGOMERY, MCCRACKEN,
                                             WALKER & RHOADS, LLP
                                            123 S. Broad Street
                                            Philadelphia, PA  19109
                                            (215) 772-1500

                                            Attorneys for Defendants
                                            City of Reading and
                                            Reading Police Department

14

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2004, I served a true and correct copy of the foregoing Motion to Dismiss the Complaint Pursuant to Rule 37(d) Based Upon Plaintiff's Failure to Comply with Court's Order to Provide Initial Disclosures, Answers to Interrogatories and Document Requests, and HIPAA Authorizations, supporting Memorandum of Law, and Proposed Order upon the following by pre-paid Federal Express Overnight Delivery:

> W. Thomas Anthony, Esquire
> 451 Main Street
> Bethlehem, PA  18018
> *Attorney for Plaintiff*

> Courtesy copy[1] to:

> Plaintiff Jason Roman
> 911 Barnsdale Road
> Allentown, PA  18103

> /s/ Janelle E. Fulton (jef51)
> Janelle E. Fulton

---

[1] Although Plaintiff is now represented by counsel as noted within this Motion, a courtesy copy of this Motion is being served upon Plaintiff, who initiated the action *pro se*, in an abundance of caution, so that there is no dispute that Plaintiff and/or his counsel were served with the present Motion.

1009140v1