IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON ROMAN, | : |
| | : CIVIL ACTION |
| Plaintiff, | : |
| v. | : NO. 02-4763 |
| | : |
| | : |
| CITY OF READING and | : |
| READING POLICE DEPARTMENT, | : |
| | : JURY TRIAL DEMANDED |
| Defendants. | : |

## ORDER

AND NOW, this _____ day of _____, 2004, upon consideration of Plaintiff's Motion for Extension of Time and Defendants' Brief in Opposition thereto, it is hereby ORDERED that said Motion is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion for Summary Judgment is hereby GRANTED as unopposed.

BY THE COURT:

_____
CYNTHIA M. RUFE, J.

1016766v1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON ROMAN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 02-CV-4763 |
| | : | |
| | : | |
| CITY OF READING and | : | |
| READING POLICE DEPARTMENT, | : | |
| | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**DEFENDANTS' BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION FOR EXTENSION OF TIME**

Plaintiff seeks an extension of time to file his opposition to Defendants' Motion for Summary Judgment and to file his Pretrial Memorandum. Defendants City of Reading and Reading Police Department ("Defendants") hereby oppose Plaintiff's motion on the grounds that Plaintiff has failed to provide a reasonable excuse for his failure to abide by this or any of the Court's other deadlines, and he has a history of dilatory conduct that has prejudiced Defendant in this case and an extension would only further delay this action, which has already lingered on this Court's docket for nearly two years without any evidence from Plaintiff in support of his claims against Defendants.

**I.   PLAINTIFF HAS FAILED TO PROVIDE A REASONABLE EXCUSE FOR HIS FAILURE TO MEET DEADLINES**

Plaintiff was admonished by this Court in its February 3, 2004 Order that "the Court expects counsel for Plaintiff to comply strictly with all relevant deadlines." Now, Plaintiff claims that he requires an extension to respond to Defendants' Summary Judgment Motion and to file his Pretrial Memorandum is because he is waiting on a report from his treating physician. This is not an adequate excuse for his failure to abide by the Court's deadlines.

1009140v1

First, Plaintiff has had nearly two years to obtain a report from his doctor.

Second, as stated more fully in Defendants' Reply Brief to Plaintiff's response to Defendants' Motion to Dismiss, which is being filed contemporaneously herewith and which Defendants incorporate herein, Defendants strongly object to the production of any report by Plaintiff at this late stage of the litigation because it is prejudicial to Defendants.  Moreover, Plaintiff's "full and complete answers" to Defendants' written discovery, dated March 7, 2004, suggest that he "has not yet retained expert witnesses for trial" and do not indicate that he would be obtaining a report from his doctor.  See Plaintiff's Answers to First Set of Interrogatories at ¶ 18 and Plaintiff's Answer to Request for Production of Documents at ¶ 11, copies of which are attached to Plaintiff's response to Defendants' Motion to Dismiss as Exhibit A.

Third, Plaintiff does not need a report from his doctor to respond to Defendants' Motion for Summary Judgment, which is based upon Plaintiff's failure to provide any evidence whatsoever in support of his bald allegations.  In fact, Plaintiff concedes that he has no evidence to support his claims that Defendants' discriminated against him based upon his race or that any act or failure to act on the part of the Defendants restricted Plaintiff's right to travel.  See Plaintiff's Answers to First Set of Interrogatories at ¶¶ 10, 11, copies of which are attached to Plaintiff's response to Defendants' Motion to Dismiss as Exhibit A.  As such, an extension of time to respond to Defendants' Summary Judgment Motion is unnecessary and should be denied.

II. **PLAINTIFF'S HISTORY OF DILATORY CONDUCT SHOULD NOT BE REWARDED**

Plaintiff has a proven track record for failing to comply with Court Orders and Court-imposed deadlines, and his dilatory conduct has forced Defendants to incur unnecessary attorneys' fees and wasted this Court's valuable resources.

2

Plaintiff also has a history of burdening this Court with frivolous civil rights lawsuits against municipalities and/or their law enforcement arm. For example, in the last five years, Plaintiff has filed four civil rights lawsuits, three[1] of which have been dismissed by the Court at an early stage, and one[2] which is currently pending in the Eastern District of Pennsylvania. Plaintiff's present lawsuit is likewise frivolous, and his refusal to abide by this Court's deadlines and to comply with this Court's Orders has forced Defendants to incur unnecessary attorneys' fees and costs. Granting Plaintiff an extension of time to oppose Defendants' Summary Judgment Motion and to file his Pretrial Memorandum would serve only to reward Plaintiff for his dilatory conduct and complete disregard for this Court's Orders.

### III.  OTHER DEADLINES SHOULD NOT BE EXTENDED

Plaintiff suggests that the Court extend "other deadline dates if necessary." Plaintiff's Motion for Extension of Time at ¶ 7. Discovery is closed, Defendants spent the time and money to prepare a dispositive motion in accordance with this Court's Order, Plaintiff's

---

[1]   See James E. Rose, Jr. v. County of York, C.A. No. 02-0191 (M.D. Pa.), filed on February 6, 2002 (granting the defendants' motion to dismiss); James E. Rose v. County of Lehigh, C.A. No. 01-0013 (E.D. Pa.), filed on January 2, 2001 (granting the defendants' motion to dismiss); and James E. Rose v. Bethlehem Police Dep't, C.A. No. 97-0926 (E.D. Pa.), filed on February 7, 1997 (dismissing the complaint for failure to serve the other parties and denying Plaintiff's motion to vacate order of dismissal). Copies of the docket entries for these cases, which were printed from the ECF system, are attached hereto collectively as Exhibit 1. "James E. Rose, Jr." is one of Plaintiff's aliases.

[2]   See Jimi Rose v. City of Allentown, C.A. No. 02-3842 (E.D. Pa.), filed June 18, 2002, one month before the present action. "Jimi Rose" is one of Plaintiff's aliases. A review of the docket in that case reveals similar dilatory conduct by Plaintiff. Specifically, the defendants filed a motion for summary judgment on December 5, 2003, in accordance with the Court's deadlines. On January 12, 2004, Plaintiff, who was also represented by Mr. Anthony in that case, filed a motion for an extension of time to respond to the summary judgment motion, which the Court granted that same day. Then, on January 26, 2004, after the defendants filed their summary judgment motion, Plaintiff filed a motion to extend the deadline for discovery, which had ended on November 10, 2003. That motion was denied by the Court. A copy of the docket entries for this case, which was printed from the ECF system, is attached hereto as Exhibit 2.

pretrial memorandum is overdue, and this case is scheduled to enter the trial pool in less than one month.  To date, despite having nearly two years to put together his case against Defendants, Plaintiff has failed to produce any evidence whatsoever in support of his claims against Defendants.  Simply extending deadlines is not likely to cure this problem, since Plaintiff has failed to comply with every deadline in this case.

Moreover, extending discovery and other deadlines would penalize and prejudice Defendants for Plaintiff's (or his attorney's) failure to participate in discovery and abide by the Court's deadlines, because Defendants have already incurred significant fees in their efforts to defend this case, obtain discovery from Plaintiff, and prepare the Motion to Compel, the Motion to Dismiss, and the Motion for Summary Judgment.

## IV.    CONCLUSION

For the foregoing reasons, and the reasons stated more fully in Defendants' Reply Brief to Plaintiff's response to Defendants' Motion to Dismiss, Defendants respectfully request that this Court deny Plaintiff's Motion for Extension of Time and grant Defendants' Motion for Summary Judgment as uncontested.

Respectfully submitted,

Dated: 3/11/04

/s/ Janelle E. Fulton (jef51)
David J. MacMain (PA Attorney ID 59320)
Janelle E. Fulton (PA Attorney ID 80027)
MONTGOMERY, MCCRACKEN,
 WALKER & RHOADS, LLP
123 S. Broad Street
Philadelphia, PA  19109
(215) 772-1500

Attorneys for Defendants
City of Reading and
Reading Police Department

4

1009140v1

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of March, 2004, I served a true and correct copy of the foregoing Defendants' Brief in Opposition to Plaintiff's Motion for Extension of Time upon the following by first class United States mail, postage pre-paid:

> W. Thomas Anthony, Esquire
> 451 Main Street
> Bethlehem, PA  18018
> *Attorney for Plaintiff*

> /s/ Janelle E. Fulton (jef51)
> Janelle E. Fulton

1009140v1